**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS**

| | |
|---|---|
| BLANCA ARCE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| MENARD, INC., ) | |
| (a foreign Corporation) ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

COMES NOW Plaintiff, BLANCA ARCE, by and through counsel, William L. Barr, Jr. of Bull Attorneys, P.A., and for Plaintiff's claims against Defendant, MENARD, INC. (MENARD), alleges and states:

1. Plaintiff, BLANCA ARCE, is a citizen of Kansas.

2. Defendant, MENARD, INC. (MENARD), is a foreign corporation incorporated in the State of Wisconsin and has its headquarters in Wisconsin. Defendant, MENARD, maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, Corporation Service Company, 2900 SW Wannamaker Drive, Suite 204, Topeka, Kansas 66614.

3. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

4. This Court has proper venue and jurisdiction over the parties and subject matter.

5. Prior to and on August 8, 2021 Defendant, MENARD, was in the business of owning and operating retail discount stores in Kansas and throughout the United States.

6. Prior to and on August 8, 2021 Defendant, MENARD, owned, maintained and operated a retail store open to the public at 3250 N. Toben Street, Wichita, Kansas 627226.

7. On August 8, 2021 Plaintiff, BLANCA ARCE, was shopping with her husband at the above-mentioned store owned and operated by Defendant, MENARD, and was at all times herein relevant in the exercise of reasonable care for her own safety.

8. On August 8, 2021 two small blocks of wood were allowed to remain on the walking surface of Defendant, MENARD's outdoor premises where customers walked between the main store building and lumbar storage building on the premises.

9. On August 8, 2021 these blocks of wood were allowed to remain in the walking area on the outdoor surface of Defendant, MENARD's premises for a sufficient amount of time to be observed by employees of Defendant, MENARD, or were observed by employees of Defendant, MENARD, either directly or by using surveillance cameras on its premises.

10. At the above-mentioned time and place Plaintiff, BLANCA ARCE, was walking behind a cart of lumber being pushed by her husband across the above-mentioned outdoor customer area of the premises owned and operated by Defendant, MENARD.

11. At the above-mentioned time and place Plaintiff, BLANCA ARCE, stepped on these blocks of wood as she was walking on the outdoor walking surface behind her husband and the cart he was pushing and seriously, permanently injured her foot.

## COUNT I – NEGLIGENCE

12. For paragraph 12 of her Complaint Plaintiff re-alleges and incorporates paragraphs 1-11 above as though fully set forth herein

13. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, MENARD,

were the actions and omissions of Defendant, MENARD, both individually and under the doctrines of *Respondeat Superior* and Vicarious Liability and were negligent, and wanton and include, but were not limited to:

a) Creating a dangerous hazard by allowing blocks of wood to remain in an area of its premises where customers walked;

b) Allowing blocks of wood to remain unattended on a walking surface of its premises;

c) Failing to remove blocks of scrap wood that were left on the walking surface of its premises;

d) Allowing a dangerous hazard to exist in a customer traffic area of its premises;

e) Failing to pick up wood blocks or scraps from its customer walking surface on its premises;

f) Failing to train its employees to recognize and remove hazards to customer safety;

g) Failing to train its employees to monitor walking surfaces at its facility for hazards to customer safety;

h) Failing to train its employees to conduct regular inspections of the walking surfaces on its premises;

i) Failing to warn of the presence of wood scraps or blocks on the surface of a customer walking area;

j) Failing to monitor the surface of a customer walking surface for fallen wood scraps or debris during business hours;

k) Failing to inspect the walking surface of its customer area for wood debris or hazards;

      l) Failing to place signage warning its customers of hazardous conditions on the walking surface of its premises; and

      m) Negligent and wanton conduct in the operation and maintenance of its premises in ways that will be disclosed during further discovery in this case.

14. As a proximate result of the wanton, negligent actions and omissions of the Defendant, MENARD, individually and by its employees, agents, independent contractors and servants plaintiff, BLANCA ARCE, suffered injuries to her foot, including broken metatarsal bones and was otherwise injured and damaged. Plaintiff, BLANCA ARCE, has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, great medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT II – SPOLIATION OF EVIDENCE

15. For paragraph 15 of her Complaint Plaintiff re-alleges and incorporates paragraphs 1-14 above as though fully set forth herein.

16. On August 12, 2021 Plaintiff's counsel sent a letter to the store manager at the subject premises of Defendant, MENARD, requesting that Defendant, MENARD, not destroy any evidence, and that it maintain and save all business records together with all video recordings of the subject occurrence. (EX A)

17. On August 17, 2021 Defendant, MENARD, by its corporate counsel, Kristine Britven, responded and advised that it had video of Plaintiff and would provide surveillance video for a charge of $50.00 per hour per camera for any additional video requested. (EX B)

18. On or about August 20, 2021 Plaintiff in consideration of MENARD's offer to provide additional video forwarded a check for $150.00 to MENARD Corporate Legal Department. (EX C).

19. This check was cashed by Defendant, MENARD on or about August 30, 2021. (EX D)

20. Prior to September 1, 2021 Plaintiff's counsel received a phone call from Kristine Britven in which she advised that there were no outdoor surveillance cameras for the area of Defendant's premises where Plaintiff was injured.

21. Following this phone call and prior to September 1, 2021 Plaintiff's counsel went to the subject premises of MENARD and photographed a surveillance camera that overlooked the area described by Plaintiff, BLANCA ARCE, as the area where she had been injured.

22. Plaintiff's counsel forwarded photos of this surveillance video camera together with a letter by certified mail to MENARD corporate counsel, Kristine Britven. (EX E) requesting surveillance video from 9:00 AM to noon on August 8, 2021.

23. Defendant, MENARD, by its counsel offered to provide three hours of its surveillance video to Plaintiff's counsel in consideration for the payment of $50.00 per hour per camera. Plaintiff's counsel accepted this offer and paid $150.00 for three hours of video from 9:00AM to Noon on August 8, 2021 in a timely manner forming a contract with Defendant.

24. Despite several requests, Defendant, MENARD, has not responded and to date has failed to comply with the terms of the contract it made with Plaintiff's counsel to provide the requested surveillance video for which it accepted payment of $150.00. (EX F).

25. On information and belief, the surveillance video which Plaintiff's counsel contracted with Defendant to provide would establish how the blocks of wood that injured Plaintiff came to be on the walking surface of Defendant's premises and how long they remained there before Plaintiff was injured by them.

26. On information and belief, the surveillance video which Plaintiff's counsel contracted with Defendant to provide has been destroyed or is being unlawfully and intentionally withheld by Defendant, MENARD, in order to undermine or diminish the value of Plaintiff's claim for the injuries she suffered on Defendant's premises.

WHEREFORE, Plaintiff, BLANCA ARCE, prays for judgment against Defendant, MENARD, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, BLANCA ARCE, prays for judgment for compensatory, punitive and exemplary damages against Defendant, MENARD, INC., as well as her costs incurred in bringing this action for the intentional and wrongful spoliation of evidence she contracted to obtain from Defendant, MENARD, INC., and for such other relief as the Court deems just and equitable.

BULL ATTORNEYS, P.A.

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 /Fax: 316-684-4405
bill@bullattorneys.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Wichita, Kansas as the place for trial in this matter.

                                                **BULL ATTORNEYS, P.A.**

                                                */s/ William L. Barr, Jr.*
                                                William L. Barr, Jr. #26775